IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER VINOKUR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 22-5142 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                 August 23, 2023

Alexander Vinokur ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claim for disability insurance benefits ("DIB"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff was born on March 17, 1961, and protectively filed for DIB on April 26, 2019, alleging disability beginning on March 1, 2017, due to diabetes, left hip pain, pain in both feet, urological problems, back pain, and depression. Tr. at 61, 312, 349. After his claims were denied initially and on reconsideration, id. at 61, 84, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), id. at 110, which took place over the telephone on January 6, 2022. Id. at 37-60. On February 1, 2022, the ALJ found that Plaintiff was not disabled. Id. at 16-30. On October 26, 2022, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. This decision rendered the ALJ's February 1, 2022 decision the final decision of the Commissioner. 20 C.F.R. § 404.981.

Plaintiff filed his complaint in this action on December 22, 2022.  Doc. 1.  In response to Plaintiff's brief in support of his request for review, see Doc. 6, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted."  Doc. 9 ¶ 2.[1]

## II.   DISCUSSION

In her February 1, 2022 decision, the ALJ found that Plaintiff suffered from several severe impairments; a lumbar degenerative disc disease with radiculopathy, cervical radiculopathy, osteoarthritis of bilateral hips, bilateral gluteal tendinitis, residuals of a subchondral left femoral fracture with mild osteoarthritis, obstructive sleep apnea, and obesity.  Tr. at 18.  The ALJ found that Plaintiff's depression was not severe, and in reviewing the "paragraph B" criteria of relevant mental health listings, the ALJ found that Plaintiff had mild limitations in the areas of concentration, persistence, or maintaining pace, and adapting or managing oneself.  Id. at 19-20.  In her residual functional capacity ("RFC") assessment, the ALJ found Plaintiff capable of a limited range of sedentary work with occasional postural activity, frequent overhead reaching, no climbing or crawling, occasional motor vehicle operation, and occasional exposure to extreme temperature and pulmonary irritant exposure, with no mention of any mental limitations.  Id. at 23.  Based on this RFC assessment and testimony from a vocational expert ("VE"),

---

[1]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

the ALJ found that Plaintiff could perform his past relevant work as a computer programmer and systems engineer. Id. at 30.

In view of the Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and the record. Plaintiff alleges that the ALJ failed to mention -- in her RFC findings and hypothetical questions to the VE -- the mild limitations in concentration/persistence/pace and adapting/managing oneself that she found in her severity discussion. Doc. 6 at 2-9. The Commissioner's regulations require ALJs to perform an assessment, called the psychiatric review technique ("PRT"), to evaluate a claimant's mental impairments. 20 C.F.R. § 404.1520a. This assessment determines the severity of the impairments, which is then used in shaping the RFC. See Ramirez v. Barnhart, 372 F.3d 546, 551-54 (3d Cir. 2004). In the Third Circuit, an RFC must account for all limitations identified in the ALJ's decision, including those limitations found in the PRT. See id.; see also Podeworny v. Harris, 745 F.2d 210, 218, 221-223 (3d Cir. 1984).

The ALJ's finding of mild limitations in Plaintiff's concentration, persistence, and the abilities to maintain pace and to adapt and manage himself, are supported by the record. See, e.g., tr. at 905-09 (6/19/19, Comprehensive Psychiatric-Biopsychosocial Evaluation performed by Natan Nemirovsky, M.D., who noted that Plaintiff exhibited anxious and tense affect and impaired concentration; performed a psychiatric examination with mostly normal findings; and diagnosed adjustment disorder, NOS, with a guarded prognosis); 910-50 (6/19/19-2/22/21, Plaintiff's treatment records with Dr. Nemirovsky, including progress notes and medication logs); 801-02 (12/9/19, treatment

3

with Benjamin Bennov, M.D., who noted Plaintiff's symptoms of anxiety, stress, and sleep problems; performed a psychiatric examination with normal findings; listed mental health diagnoses of major depressive disorder, single episode, unspecified, and depressive disorder; and stated, "Continue current medications, follow-up psychiatry. Condition stable."); 624-25 (2/10/20, mental status screen performed by consultative examiner James Goodyear, M.D., who characterized Plaintiff's affect as "flat and mildly depressed," with otherwise normal examination findings).  The relevant regulations provide that a mild limitation is distinct from no limitation.  20 C.F.R. § 404.1520a(c)(4).  Agency policy, as acknowledged in the ALJ's decision itself, see tr. at 17-18, dictates that credible limitations arising from non-severe impairments must be accounted for in the RFC.  Despite the ALJ's acknowledgement and agency policy, the ALJ did not include any mental limitation in the RFC assessment.

     To effectuate a meaningful judicial review, an ALJ must clearly articulate the basis for an unfavorable decision.  42 U.S.C. § 405(b)(1).  Importantly, an RFC assessment must reflect all of claimant's work limitations and the combined effects thereof.  20 C.F.R. § 404.1545(a)(2); see Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).  Accordingly, courts will remand where an ALJ failed to articulate why credibly established PRT limitations were not accounted for in the RFC.  See, e.g., Kich v. Colvin, 218 F.Supp.3d 342, 357-359 (M.D. Pa. 2016).  Upon remand, the ALJ should reevaluate the nature, severity, and effects of Plaintiff's psychological disorders, and obtain an updated medical opinion, if necessary, taking into account the full evidentiary record.

## III.  CONCLUSION

Defendant has stated that on remand, the matter will be referred to an ALJ for further evaluation of the evidence and a new decision.  Doc. 9 ¶ 3.  Because further evaluation of the evidence should address the issues he has presented in his Request for Review, I will grant Defendant's uncontested motion for remand.  An appropriate Order follows.